# Richmond.

## WATSON v. COMMONWEALTH.

### March 7th, 1889.

1. CRIMINAL PROCEEDINGS—*Murder—Presumption.*—The law presumes every homicide to be murder in second degree. *Onus* is on Commonwealth to raise it by proof to murder in first degree.
2. IDEM—*Instructions.*—An instruction that "if, from the evidence, the jury believe that deceased used the most grievous words of reproach, aggravated with the most provoking circumstances, and upon such provocation the accused made use of a deadly weapon to kill the deceased, they must find the accused guilty of murder in the first degree," does not correctly expound the law.
3. APPELLATE COURTS.—This court can consider a case only upon the record made by the court below, and the clerk, by his certificate, can not add to or detract from said record.

Error from judgment of circuit court of Greensville county, rendered October 27, 1887, on an indictment of plaintiff in error for murder of one Joe Robinson in said county, and upon the trial found guilty of murder in the first degree, by the verdict of the jury, and sentenced by the court to be hung. The killing was on 26th December, 1886, with a shot-gun, and was done in the presence of a number of people, and was the result of a good deal of previous controversy, including fighting and abusive language on the part of both parties. A number of exceptions were taken at the trial, and the evidence was certified, and a motion made to set aside the verdict and grant the accused a new trial, which was overruled, and the plaintiff in error sentenced in accordance with the verdict; whereupon the case was brought here by writ of error and *supersedeas.*

*Davis & McIlwaine*, for plaintiffs in error.

*Attorney-General R. A. Ayers*, for Commonwealth.

LACY, J., delivered the opinion of the court.

The first error assigned is as to the action of the court in the instructions given by the court, and the action of the court in refusing the instructions asked for on the trial by the accused. Among those given was the following:

" V. The court will instruct the jury that if they believe from the evidence that Joe Robinson used the most grievous words of reproach, aggravated with the most provoking circumstances, and upon such provocation Randall Watson made use of a deadly weapon to kill Joe Robinson, then the jury must find him guilty ·of murder in the first degree."

It is contended by the plaintiff in error that this instruction presented, as a proposition of law, that all killing done with a deadly weapon, no matter what grievous words were spoken or however provoking may be the circumstances, is murder in the first degree. While it is true, as a general proposition of law, that a man shall be taken to intend that which he does, or which is the immediate or necessary consequence of his acts, and when a man shoots another down with a shot gun the presumption that the killing was intended is a rational one, it is equally true that every killing is presumed by the law to be murder in the second degree, and the burden is upon the Commonwealth to raise it by proof to murder in the first degree. It cannot be proper in any case to instruct the jury that the use of a deadly weapon by the slayer alone raises the crime to the degree of murder in the first degree in the absence of proof of the characteristics of that crime. And it certainly can never be proper to instruct the jury that this presumption of law arises by the use of a deadly weapon superior to all proof of insults and provoking circumstances, whatsoever they may be, adduced by the defendant at the trial in extenuation of his crime.

This instruction does not correctly expound the law; it was

error to give it, and for that cause the judgment must be reversed, and the verdict set aside and a new trial granted to the accused.

There are many other errors assigned, but it is not necessary to consider them, as in view we take of it the case will have to go back for a new trial.

The attorney-general argues that this instruction was not in fact given by the judge below, because the bill of exceptions sets forth that seven instructions were asked for by the Commonwealth and six given and one rejected, and only five instructions appear in the record, and the clerk has given a certificate that only five were asked for by the Commonwealth, all of which were copied by him. But we can only consider the case upon the record as made by the court, and the certificate of the clerk as to what was done or was not done, cannot add to or detract from the record as made by the court; and certainly we cannot in any case allow the record as certified by the court to be contradicted and nullified by the recollection of the clerk. The judge has certified that he so instructed the jury, and of that fact there can be no question in this court raised by the clerk.

As was said by this court in *Dejarnette's Case,* 75 Va. 883: "We have carefully refrained from any expression or even intimation of opinion with respect to the character and nature of the defense made for the accused. This is a matter for the jury exclusively. Our duty is performed in seeing to it, as far as within us lies, that the prisoner obtains a fair trial by an impartial jury, according to the established principles and rules of criminal law recognized by the courts, and enforced by the constitution and laws of the country."

We are of opinion, for the reasons stated, to reverse the judgment of the circuit court of Greensville county, and to set aside the verdict of the jury and award the accused a new trial.

JUDGMENT REVERSED.